FILED: **5/23/19**
U.S. DISTRICT COURT
EASTERN DISTRICT COURT
DAVID A. O'TOOLE, CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | § § § **CASE NUMBER 9:18-CR-00041-RC** |
| **v.** | § § § § |
| **DMARCUS JAMIL JILES** | § § |

### REPORT AND RECOMMENDATION ON
### THE DEFENDANT'S COMPETENCY TO STAND TRIAL

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On December 19, 2018, the Defendant filed a motion seeking a psychiatric or psychological exam to determine if the Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. (Doc No. 12.) On January 3. 2019, the Defendant filed an amended motion for psychological exam adding notice of his intent to use the insanity defense. (Doc. No. 18.) The court granted the Defendant's motion for exam on January 4, 2019. (Doc. No. 19.) The Defendant was subsequently evaluated by Tennille Warren-Phillips, Psy.D. and David Freeman, Psy.D., Licensed Psychologists at the Federal Detention Center in Houston, Texas and found competent.

Their psychiatric report concludes that the Defendant "is competent to proceed. Mr. Jiles exhibited adequate verbal skills and is assessed as not having any genuine impairment in his ability to communicate effectively with counsel should he choose to do so. Mr. Jiles did not

1

believably exhibit factual deficiencies in his case-related knowledge. There were no overt indications of major mental illness or defect that might impair his ability to rationally understand the nature and consequences of the proceedings." (Doc. No. 22.)

A competency hearing was conducted on May 23, 2019. At the hearing, the Defendant appeared in court with his counsel, Gary Bonneaux. Neither party objected to the admissibility of the psychological report detailing the results and findings, therefore, the court admitted it into evidence under seal.

The undersigned concludes that the Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. The Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); *see also Dusky v. United States*, 362 U.S. 402 (1960)

### RECOMMENDATION

The court should find the Defendant competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense. *See* 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from December 19, 2018 (the date the Defendant filed an Unopposed Motion for Psychiatric Exam), until the date on which the District Judge signs the order adopting this report and recommendation.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be

served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of May, 2019.

_____
Zack Hawthorn
United States Magistrate Judge